IN THE UNITED STATES DISTRICT COURT RECEIVED

FOR THE MIDDLE DISTRICT OF ALABAMA 2005 OCT 14 A 9: 45

NORTHERN DIVISION

JOE RANGER PICKETT, #128361,

         Plaintiff,

     V.               CIVIL ACTION NO. 2:05-CV-924-T

BOB RILEY, et al.,

         Defendants.

## PLAINTIFF OBJECTION TO THE MAGISTRATE JUDGE'S ORDER AND RECOMMENDATION ISSUED OCTOBER 5, 2005

Comes now the Plaintiff Joe Ranger Pickett, by and through Pro Se in the above style Civil Action respectfully move this United States District Court on Plaintiff Objection to the Magistrate Judge's order and Recommendation issued october 5, 2005, and in support of Objection Plaintiff will show the following:

## STATEMENT OF THE CASE

On or about September 28, 2005, Plaintiff filed a 42 U.S.C. § 1983 Civil Complaint into the United States District Court, Middle District of Alabama. Plaintiff Claim that the Alabama Department of Corrections Violated Plaintiff Eighth and Fourteenth Amendment Rights of the

(1)

United States Constitution by placing Plaintiff in Cruel and unusual imminent danger Condition by forcing Plaintiff to live in overCrowed dilapidated facilities with broken down plumbing with coloration poison lead drinking water coupled with human feces leaking through the old unseal concrete floors with 4 stopped up sinks/face bowels for 90 inmates to use. Poor ventilation exposed to Carbon dioxide poisoning from breathing Cigarette smoke and other inmates air in the overcrowed lock down North dorm with close doors poor ventilation with not enough air to Circulate thereby leaving Plaintiff Congested ringing wet with sweat and forced to drink lead poison water from dilapidated plumbing in such disrepair Plaintiff is deprived of basic elements of hygiene with stopped up shower drains with Pathogenic athlete's foot fungus that travel through the human body.

On October 5, 2005, the Magistrate Judge entered an order and Recommendation that under the directives of 28 U.S.C. § 1915 (g), a prisoner is not allowed to bring a Civil action or proceed on appeal in forma pauperis if he "has on 3 or more Occasions, while incarcerated or detained in any facility, brought an action or appeal in a Court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. Based on the foregoing, the court Concludes that Pickett's motion for leave to proceed in forma pauperis is due to be denied and dismiss without prejudice.

<u>REASONS FOR SUBSTAINING PLAINTIFF OBJECTION</u>

Plaintiff argue that the Magistrate order and recommendation is an

(2)

Abuse of discretion coupled with a lack of jurisdiction for the Magistrate to exercise authority without parties consent as required by Rule B. (2) Federal Rules Civil Procedure and 28 USCS § 636 (c). See McCabe, the Federal Magistrate Act of 1979, 16 Harv. J. Legis. 343, 364-79 (1979). 28 USCS § 636 (c)(1) Notwithstanding any provision of law to the Contrary - upon consent of the parties a Magistrate May exercise jurisdiction. Plaintiff argue further that he never recieved a form 34 as required to give a Magistrate jurisdiction as an adjunct to the functional equivalent of an Article III Judge, the Magistrate's failure to provide Plaintiff with the form 34 consent form was in fact error.

Plaintiff in his objection to the Magistrate abuse of discretion points out that 28 USCS § 1915 (g) Violated Equal Protection clause by treating differently prisoners with 3 prior dismissals of civil actions on basis they were frivolous or malicious or failed to state a claim depending on whether they were proceeding in forma pauperis, in the statute created substantial burden on affected inmates 'fundamental right of Access to Courts, and statute was not narrowly tailored to achieve Government's purported interest in deterring frivolous claims. <u>Lyon v. Krol</u> (1996) 940 F Supp. 1433. The Plaintiff further point out that the United States Supreme Court at the same point at law held in <u>Neitzke v. Williams</u>:

> "Complaint Filed in forma pauperis that fails to state a claim for purpose of Federal Rules of Civil Procedure Rule 12 (b)(6) is not automatically frivolous within meaning of 28 USCS § 1915 (d), Standards of rule and statute serve distinct goals and to conflate them would deny indigent Plaintiff practical protections against unwarranted dismissals generally accorded paying

Plaintiffs under Rule 12, and would frustrate Congress' goal of putting indigent Plaintiff on similar footing with paying Plaintiffs. Neitzke v. Williams (1989, US) 104 L Ed 2d 338, 109 S Ct 1827.

Plaintiff finally contend that Pickett is in imminent danger and has in fact demonstrate imminent danger (1) lead poison drinking water (2) exposed to carbon dioxide force to breath 19 to 24 hours a day (3) delapidated facilities, plumbing, etc. Health hazard & lack of security situations can within the ripple effects steal life from Plaintiff like a theft in the night, here today and gone tomorrow. Plaintiff Pickett situation meet the imminent danger exception to the application of 28 U.S.C. §1915(g) coupled with the criteria of Medberry v. Butler, 185 F.3d 1189 (11th Cir.1999).

## CONCLUSION

WHEREFORE, in light of the above and Plaintiff objection with merit, to accept or adopt the Magistrate's Order and Recommendation would surely be error and manifest injustice. The 3 Strikes is a decision for the Eleventh Circuit to decide. The Plaintiff is merely asking the Article III Judge of this District Court to use it's inherent powers to protect a prisoner from imminent danger. Thomas v. Arn, 474 US 140, 88 L Ed 2d 435, 106 S Ct 466.

Done this 13th day of October 2005.

Respectfully Submitted,
Joe Ranger Pickett, 128361

(4)

## CERTIFICATE OF SERVICE

I hereby certify this 13th day of October 2005 that I have served a true and correct copy of the same upon the defendants Attorney by placing in the U.S. mail service at Easterling Correctional facility postage prepaid.

Joe Ranger Pickett, #128361

JOE RANGER PICKETT, Plaintiff

200 Wallace Drive

Clio, Alabama 36017